# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RANDY BELTRAMEA,<br><br>Defendant,<br><br>and concerning<br><br>JOANNE FISHER, ESTATE OF JAMES RAY FISHER, CLARENCE COBURN, DOROTHY COBURN, ALAN FISHER, LAURA FISHER, ALAN MAHRER, NANCY MAHRER, JAMES TURBETT,<br><br>Claimants. | No. CR13-0020<br><br>REPORT AND RECOMMENDATION |

This matter has been referred to me on the three Petition[s] for Hearing to Adjudicate Interest in Property (docket numbers 147, 148, and 149) filed on May 23, 2014. On May 30, 2014, Chief Judge Linda R. Reade filed an order referring this matter to me for a report and recommendation "regarding disposition of the case."

On April 19, 2013, Defendant Randy Beltramea was charged by indictment with two counts of wire fraud, three counts of money laundering, and aggravated identity theft. A superseding indictment was filed on August 21, 2013, adding an additional count of money laundering, six counts of making false statements, two counts of failure to file tax returns, and one count of evading and defeating tax payments. The superseding indictment

also added a forfeiture allegation.[1] Specifically, the Government seeks forfeiture of seven identified parcels of real property:

1. 944 18th Avenue SW, Cedar Rapids, Iowa
2. 449 24th Street NW, Cedar Rapids, Iowa
3. 201 26th Street NW, Cedar Rapids, Iowa
4. Lots 1-4 and Lots 6-9 in Castlerock Estates First Addition
5. Outlot A of Parcel B of the Castlerock Estates First Addition
6. Approximately 26.33 acres of undeveloped land in Parcel B
7. Approximately 40.62 acres of undeveloped land in Parcel A

On October 31, 2013, Defendant entered a plea of guilty to two counts of wire fraud, aggravated identity theft, two counts of money laundering, two counts of making a false statement to a financial institution, and tax evasion. He was sentenced on April 4, 2014 to serve 111 months of imprisonment. Defendant was also ordered to pay $376,488.27 in victim restitution. Defendant filed a timely notice of appeal.

On May 23, 2014, attorney Brian J. Fagan filed three "petition[s] for hearing to adjudicate interest in property," arising from civil judgments previously entered against Randy Beltramea in state court. Specifically, the estate of James Ray Fisher and Joanne Fisher assert a lien on any property owned by Beltramea by virtue of default judgments entered in state court on November 5, 2004 and February 16, 2006. Similarly, Clarence Coburn, Dorothy Coburn, Alan Fisher, Laura Fisher, Alan Mahrer, Nancy Mahrer, and James Turbett claim a lien based on a judgment entered on February 16, 2006. Finally, Alan Fisher, Laura Fisher, Alan Mahrer, Nancy Mahrer, and James Turbett assert a lien for a judgment entered in state court on March 9, 2006.

---

[1] Certain technical amendments were made to the second superseding indictment on October 24, 2013.

On August 11, 2014, the Government filed a response to the claims being asserted as a result of the state court judgments. According to the response, an agreement has been reached regarding the claimants' petitions to adjudicate their interests in Beltramea's real property.

> The United States of America has reached an agreement with the claimants, pursuant to which the government will acknowledge that claimants do have an interest in and right to the proceeds from the forfeited property in exchange for the Claimants agreeing that the victims identified in this criminal case for whom the Court has ordered restitution have priority over the Claimants to any proceeds from the forfeited property.

Government's Response to Claimants' Petitions (docket number 183) at 1-2.

Because the Claimants have apparently reached an agreement with the Government regarding their interest in the forfeited property, I recommend the Court order the Claimants and the Government to submit a proposed order to the Court for approval.[2]

---

[2] I note parenthetically that on May 12, 2014, attorney Mark D. Walz entered an appearance on behalf of "Third-Party Defendant" Third Federal Savings & Loan. Third Federal claims an interest in two of the properties identified in the forfeiture allegation: 449 24th Street NW, Cedar Rapids, Iowa, and 201 26th Street NW, Cedar Rapids, Iowa. On June 18, 2014, the United States and Third Federal filed stipulations recognizing Third Federal's claims in the property. In substance, the parties agreed that upon entry of a final order of forfeiture and sale of the two properties, the United States will not contest payment to Third Federal of all unpaid principal, interest, attorneys fees, and out-of-pocket expenditures associated with Third Federal's mortgage notes. Upon payment of those amounts, Third Federal agrees to assign and convey to the United States its security interest in the properties.

Also, on August 4, 2004, petitions asserting an interest in the subject properties were filed by Angelwing Equity L.L.C. and Randy L. Beltramea, L.L.C. Specifically, Angelwing claims an interest in 944 18th Avenue SW, Cedar Rapids, Iowa, while Beltramea claims an interest in 449 24th Street NW, Cedar Rapids, Iowa, 201 26th Street NW, Cedar Rapids, Iowa, and the four parcels in Castlerock Estates in Linn County, Iowa. In a response filed on August 25, 2014, the Government asserts that "[t]hird parties
(continued...)

## RECOMMENDATION

As set forth above, I respectfully recommend that the Court order the United States and the Claimants to submit a proposed order to the Court for approval, disposing of the three Petition[s] for Hearing to Adjudicate Interest in Property (docket numbers 147, 148, and 149) filed on May 23, 2014.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court.

DATED this 3rd day of September, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[2](...continued)
can recover in the ancillary hearing only by establishing a legal interest in the property, but they can't attempt in the ancillary proceeding to re-litigate the outcome of the forfeiture proceeding or attack the validity of the forfeiture order." The Government asks the Court to set a hearing on the petitions and deny the petitions.