# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 13-CR-20-LRR |
| vs. | **ORDER** |
| RANDY BELTRAMEA, | |
| Defendant, | |
| and | |
| JOANNE FISHER, ESTATE OF JAMES RAY FISHER, CLARENCE COBURN, DOROTHY COBURN, ALAN FISHER, LAURA FISHER, ALAN MAHRER, NANCY MAHRER, JAMES TURBETT, ANGELWING EQUITY, LLC, RANDY L. BELTRAMEA, LLC & HELEN POTTHOFF, | |
| Claimants, | |
| and | |
| THIRD FEDERAL SAVINGS AND LOAN, | |
| Interested Party. | |

## *I. INTRODUCTION*

The matters before the court are: (1) Chief Magistrate Judge Jon S. Scoles's Report and Recommendation ("September 3, 2014 Report and Recommendation") (docket no. 185), which recommends that the court order the United States and the Claimants to submit a proposed order disposing of Claimants' Petitions for Hearing to Adjudicate Interest in Property (docket nos. 147-149); (2) Judge Scoles's Report and Recommendation ("March 25, 2015 Report and Recommendation") (docket no. 216), which recommends that the court grant the Motion for Entry of Order (docket no. 213) by signing the proposed order (docket no. 213-1); and (3) Petitioner Randy L. Beltramea, LLC's "Motion for Partial

Dismissal" ("Motion to Dismiss") (docket no. 201).

## II. RELEVANT PROCEDURAL HISTORY

This matter arises out of the criminal conviction of Defendant Randy Beltramea. As Judge Scoles summarized:

> On April 19, 2013, Defendant Randy Beltramea was charged by indictment with two counts of wire fraud, three counts of money laundering, and aggravated identity theft. A superseding indictment was filed on August 21, 2013, adding an additional count of money laundering, six counts of making false statements, two counts of failure to file tax returns, and one count of evading and defeating tax payments. The superseding indictment also added a forfeiture allegation. Specifically, the Government seeks forfeiture of seven identified parcels of real property:
>
> 1. 944 18th Avenue SW, Cedar Rapids, Iowa
> 2. 449 24th Street NW, Cedar Rapids, Iowa
> 3. 201 26th Street NW, Cedar Rapids, Iowa
> 4. Lots 1-4 and Lots 6-9 in Castlerock Estates First Addition
> 5. Outlot A of Parcel B of the Castlerock Estates First Addition
> 6. Approximately 26.33 acres of undeveloped land in Parcel B
> 7. Approximately 40.62 acres of undeveloped land in Parcel A
>
> On October 31, 2013, Defendant entered a plea of guilty to two counts of wire fraud, aggravated identity theft, two counts of money laundering, two counts of making a false statement to a financial institution, and tax evasion. He was sentenced on April 4, 2014 to serve 111 months of imprisonment. Defendant was also ordered to pay $376,488.27 in victim restitution. Defendant filed a timely notice of appeal.
>
> On May 23, 2014, attorney Brian J. Fagan filed three "petition[s] for hearing to adjudicate interest in property," arising from civil judgments previously entered against Randy Beltramea in state court. Specifically, the estate of James Ray Fisher and Joanne Fisher assert a lien on any property owned

> by Beltramea by virtue of default judgments entered in state court on November 5, 2004 and February 16, 2006. Similarly, Clarence Coburn, Dorothy Coburn, Alan Fisher, Laura Fisher, Alan Mahrer, Nancy Mahrer, and James Turbett claim a lien based on a judgment entered on February 16, 2006. Finally, Alan Fisher, Laura Fisher, Alan Mahrer, Nancy Mahrer, and James Turbett assert a lien for a judgment entered in state court on March 9, 2006.
>
> On August 11, 2014, the Government filed a response to the claims being asserted as a result of the state court judgments. According to the response, an agreement has been reached regarding the claimants' petitions to adjudicate their interests in Beltramea's real property. . . . Government's Response to Claimants' Petitions (docket number 183) at 1-2.

September 3, 2014 Report and Recommendation at 1-3 (footnote omitted).

On December 1, 2014, Claimant Randy L. Beltramea, LLC filed the Motion to Dismiss. On January 5, 2015, the government filed a Response to the Motion to Dismiss (docket no. 206), stating that it does not object to the Motion to Dismiss. On March 25, 2015, Judge Scoles filed the March 25, 2015 Report and Recommendation. On March 25, 2015, Claimant Randy Beltramea, LLC filed a "Notice of No Objection to Report and Recommendation" (docket no. 217).

### III. STANDARD OF REVIEW

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge must determine de novo any part of the

> magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).

## IV. ANALYSIS

The time to object to the Report and Recommendations has expired and no party has filed any objections. The parties have thus waived their right to a de novo review of the Report and Recommendations. *See, e.g.*, *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001) ("'Appellant's failure to file any objections waived his right to de novo review by the district court of any portion of the report and recommendation of the magistrate judge as well as his right to appeal from the findings of fact contained therein.'" (quoting *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994))). The court finds no plain error in Judge Scoles's decisions. Accordingly, the court shall adopt the September 3, 2014 Report and Recommendation and the March 25, 2015 Report and Recommendation.

In addition, because the government does not resist the Motion to Dismiss, the court shall grant the Motion to Dismiss. Despite the parties' agreements, the court agrees with Judge Scoles that priority among the various claimants including some claimants not a party to the instant action does not appear to have been established. *See* March 25, 2015 Report and Recommendation at 3.

## V. CONCLUSION

In light of the foregoing, the court hereby **ORDERS**:

(1) Judge Scoles's September 3, 2014 Report and Recommendation (docket no. 185) is **ADOPTED**;

(2) Claimants' Petitions to Adjudicate Interest in Property (docket nos. 147-149) are **DENIED AS MOOT**;

(3) Judge Scoles's March 25, 2015 Report and Recommendation (docket no. 216) is **ADOPTED**;

(4) Claimants Randy L. Beltramea, LLC and Angelwing Equity, LLC's Motion

4

for Entry of Order (docket no. 213) is **GRANTED**; and

(5) Petitioner Randy L. Beltramea, LLC's "Motion for Partial Dismissal" (docket no. 201) is **GRANTED**.

**DATED** this 28th day of April, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA